FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 1 2005

at /O o'clock and 49 min. A M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00200SOM |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING SENTENCE |
| vs. | ) | |
| NICOL H. BOTELHO, | ) | |
| Defendant. | ) | |

ORDER REGARDING SENTENCE

This court imposed its sentence on Defendant Nicol H. Botelho on May 6, 2005. The sentence reflected the granting of Botelho's motion for downward departure. Botelho was sentenced to 36 days of imprisonment, to be served by way of intermittent confinement, for each of Counts 1 and 2, with the terms to run concurrently, followed by 5 years of supervised release for each of Counts 1 and 2, with the terms to run concurrently. The court also ordered restitution of $310,718, and special assessments of $200.00 ($100.00 per count). The intermittent confinement was to be served three days each week, beginning at 6:00 p.m. each Friday and ending at 6:00 p.m. each Sunday for twelve consecutive weeks, beginning May 20, 2005. Following the sentencing hearing, the court became concerned that intermittent confinement arguably did not constitute a term of imprisonment. Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, and to avoid any question about the legality of the sentence, this court now amends the sentence through the issuance of this order.

The parties have been contacted and have expressly agreed that the court may amend the sentence without a hearing. The sentence set forth in this order differs mainly in form from what was orally imposed, while retaining most of what was imposed on May 6, 2004. To the extent there is a difference between what was imposed on May 6, 2005, and the sentence set forth in this order, the difference is advantageous to Botelho, as explained below. In imposing the present sentence, the court relies on all the reasons set forth at the hearing on May 6, 2005, as supplemented by the present order.

The court now departs downward further than it departed on May 6, 2005. The court departs under the Sentencing Guidelines, which are advisory, to a total offense level of 8. With a criminal history category of I, Botelho falls within Zone A of the advisory Sentencing Guidelines, with a custody range of zero to six months.

This court now sentences Botelho to a term in custody of three days for each of Counts 1 and 2, to be served concurrently, beginning at 6:00 p.m. on Friday, May 20, 2005, and ending at 6:00 p.m. on Sunday, May 22, 2005. The term in custody shall be followed by five years of supervised release as to each of Counts 1 and 2, those terms to be served concurrently. There is no fine, but Botelho must pay restitution of $310,718, as well

as special assessments totaling $200.00 ($100.00 for each of Counts 1 and 2).

The sentence of supervised release is subject to the following conditions:

1. That the defendant abide by the standard conditions of supervision.

2. That the defendant not commit any crimes, federal, state, or local (mandatory condition).

3. That the defendant not possess illegal controlled substances (mandatory condition).

4. That the defendant refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter, as directed by the Probation Office (mandatory condition).

5. That the defendant cooperate in the collection of DNA as directed by the Probation Office.

6. That the defendant not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

7. That the defendant serve five months of home confinement, beginning immediately after she has completed the three-day custody portion of her sentence from May 20, 2005, to May 22, 2005 (i.e., home detention shall commence after defendant is released from custody on May 22, 2005), as arranged by the

Probation Office. During the period of home detention, the defendant shall remain at her place of residence during nonworking hours, except as approved by the Probation Office. The defendant may earn leave as determined by the Probation Office.

        8. That the defendant pay restitution of $310,718 to Central Pacific Bank. This amount is due immediately upon the defendant's release from confinement, but, if the defendant cannot pay the entire amount at that time, payment must be made on an installment basis during the period of supervision, in accordance with the Probation Office's collection policy, but at a rate of not less than 10% of the defendant's monthly gross income.

        9. That the defendant provide the Probation Office and the Financial Litigation Unit of the United States Attorney's Office access to any requested financial information, including submitting to periodic debtor's examinations, as directed by the Probation Office.

        10. That the defendant serve a total of thirty-three days in intermittent confinement at a Bureau of Prisons facility. The defendant shall begin the term of intermittent confinement at 6:00 p.m. on Friday, June 10, 2005, and shall be released at 6:00 p.m. on Sunday, June 12, 2005. She shall thereafter report to the facility by 6:00 p.m. on every succeeding Friday, and shall

be released by 6:00 p.m. the following Sunday, and shall continue with this schedule until she has served a total of thirty-three days, which days are in addition to the prison term of three days that is the custody portion of her sentence.

The above sentence is more advantageous to Botelho than the orally imposed sentence. Botelho's term of supervised release commences after she serves three days in custody, so that it will end on an earlier date than her term of supervised release would have ended. Her term of supervised release would otherwise not have commenced until all her time in intermittent confinement had ended, and that would not have been for some time, given its intermittent nature and the requested stay of mittimus. The court is withdrawing its previous requirement of an electronic monitor during the period of home confinement. This means that, immediately after Botelho completes her three days in custody, from May 20, 2005, through May 22, 2005, her supervised release will begin, and her home confinement will begin, meaning her intermittent confinement (after her three days in custody) will overlap her home confinement.

The intermittent confinement that is a condition of supervised release will not begin until June 10, 2005, because the Bureau of Prisons requires more time to make arrangements for intermittent confinement than for a straight prison sentence. The court nevertheless orders the three-day custody portion of

the sentence to be served in May, which will allow the home confinement portion of the sentence to begin promptly. Intermittent confinement that begins on Friday, June 10, 2005, should be completed on or around Sunday, August 21, 2005.

The sentence set forth in this order supersedes the sentence orally imposed on May 6, 2005, wherever this sentence differs from the orally imposed sentence. Any appeal that Botelho's plea agreement may permit must be filed within 10 days of the date judgment is filed in this case.

Mittimus is stayed until 6:00 p.m. on Friday, May 10, 2005. Botelho must report at that time to the Federal Detention Center in Honolulu, Hawaii.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, May 11, 2005.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
United States District Judge

United States of America v. Nicol H. Botelho; Cr. No. 04-200 SOM; ORDER REGARDING SENTENCE