## REPAYMENT AGREEMENT

**REPAYMENT AGREEMENT** ("Agreement"), made this _30TH_ day of

~~December~~ *November* _____, 2004, by and among **CITY BANK**, a Hawaii corporation (sometimes

hereinafter the "BANK"), **STANLEY BOTELHO, individually and d.b.a. Stan's Local Plumbing**,

and **NICOL BOTELHO**, and **PHYLLIS LEE BOTELHO** (sometimes collectively the

"**OBLIGORS**");

## W I T N E S S E T H :

**WHEREAS, STANLEY BOTELHO, NICOL BOTELHO** and **PHYLLIS LEE**

**BOTELHO** are holders, individually and jointly, of **CITY BANK** accounts having substantial

overdrafts as of April 17, 2001, as follows:

Account No. 418917506: balance of $36,018.69 (Stanley and Nicol);

Account No. 418006201: balance of $123,636.94 (Stanley);

Account No. 416131901: balance of $50,290.36 (Stanley);

Account No. 425351506 IBA: balance of $118,802.62 (Phyllis); and

Account No. 422872306: balance of $94,373.89 (Phyllis).

**WHEREAS,** on or about April 10, 2001, **CITY BANK** allegedly discovered that the

**OBLIGORS** had written checks against or had received credit for checks drawn on insufficient

funds on their accounts and claimed that **OBLIGORS** were obligated to cover the overdrafts on

said accounts.

**WHEREAS,** at or about the same time **CITY BANK** allegedly discovered that the

**OBLIGORS** had written checks against or had received credit for checks drawn on insufficient

funds on their accounts, **CITY BANK** also allegedly discovered that **OBLIGORS** had engaged in

EXHIBIT "A"

a similar scheme with BANK OF HAWAII and that **OBLIGORS** allegedly were also indebted to BANK OF HAWAII (hereinafter referred to as the "BOH Debt").

        **WHEREAS**, on or about January 10, 2002, **CITY BANK** filed a civil law suit against **OBLIGORS** in the Circuit Court of the First Circuit, State of Hawaii, in <u>City Bank v. Stanley W.</u> <u>Botelho, et al.</u>; Civil No. 02-1-0081-01 (DDD), alleging, among other things, that **OBLIGORS** knowingly engaged in a check kiting scheme to defraud **CITY BANK** of funds, all of which is more particularly described therein (hereinafter "Civil Action").

        **WHEREAS**, on or about March 8, 2002, **OBLIGORS** filed a Counterclaim against **CITY BANK** in the Civil Action, alleging among other things that **CITY BANK** breached its fiduciary duties to **OBLIGORS** and that **OBLIGORS** sustained damages as a result (hereinafter, "Counterclaim").

        **WHEREAS**, the parties hereto desire to settle all claims upon the terms set forth hereinbelow;

        **NOW, THEREFORE**, in consideration of these mutual promises and for the good and valuable consideration hereinafter described, the receipt of which is hereby acknowledged and by the parties deemed to be good and adequate, the parties hereby mutually agree and stipulate as follows:

        1.    **Debt.** The **OBLIGORS** are indebted to **CITY BANK** for the principal amount of **THREE HUNDRED FOURTEEN THOUSAND NINE HUNDRED FOUR AND NO/100 DOLLARS ($314,904.00)** (hereinafter, "Debt").

        2.    **Payments.** Beginning on December 10, 2004, and continuing thereafter on the tenth (10th) day of each and every month for the first six (6) months, **OBLIGORS** shall pay to

**CITY BANK** monthly installment payments of **ONE THOUSAND FORTY-FOUR AND NO/100 DOLLARS ($1,044.00)**.

Thereafter, the monthly installment payments shall be reopened and redetermined by good faith negotiations between the parties for the next twelve (12) month period, and continuing thereafter every twelve (12) month until the Debt and all amounts due hereunder are paid in full. The monthly installment payment for any ensuing twelve (12) month period shall be in an amount agreed upon by the parties and shall apply retroactively to the first payment in any twelve (12) month period. In no event, however, shall any agreed-upon monthly installment payments be less than **ONE THOUSAND FORTY-FOUR AND NO/100 DOLLARS ($1,044.00)**. During such periods of negotiation, and prior to reaching any such agreement, **OBLIGORS** shall continue to pay **CITY BANK** the amount of the installment payment from the immediately preceding twelve (12) month period. If the parties are unable to agree upon a monthly installment payment for any ensuing twelve (12) month period, the amount of the monthly installment payment for said twelve (12) month period shall be determined by an impartial arbitrator mutually selected by the parties. The impartial arbitrator's fees and costs shall be borne equally between the parties and paid up front if required by the impartial arbitrator. If either party refuses to arbitrate any dispute and/or otherwise fails or refuses to pay any up-front fees and/or cost required to be paid by the impartial arbitrator, the same shall constitute a material default of this agreement. The failure of CITY BANK to commence negotiations to establish the monthly installment payment for any ensuing twelve (12) month period shall not be deemed a waiver of its right to do so at any time subsequent to the accrual of said right.

3.    **Method of Payment. OBLIGORS** shall pay to **CITY BANK** the amounts required to be paid herein by way of electronic transfer of funds from their _____ bank account(s). Said transfer shall be made on or before the 10th of every month.

4.    **Interest.** No interest on the Debt and any amounts required to be paid herein shall accrue so long as all payments required to be made herein are made as and when the same become due, time being expressly of the essence. Upon **OBLIGORS'** default of any of the terms contained herein, including but not limited to **OBLIGORS'** failure to pay all amounts required to be paid herein, interest shall automatically accrue on the balance of the Debt and any amounts required to be paid herein, at the rate of ten percent (10%) per annum.

5.    **Stipulated Judgment.** Contemporaneous with the execution of the foregoing Agreement, **OBLIGORS** shall execute a Stipulated Judgment in **CITY BANK**'s favor and against **OBLIGORS** for the principal amount of **$314,904.00** in the form attached hereto as Exhibit "A." **CITY BANK** shall be entitled to file the same in the Civil Action upon execution of this Agreement but shall forebear from recording the same in the Bureau of Conveyances or the Office of the Assistant Registrar of the Land Court, State of Hawaii, so long as **OBLIGORS'** are not in default of this Agreement. If **OBLIGORS** default on this Agreement, **CITY BANK** shall have the right to record the Stipulated Judgment and take further action to enforce the same to recover any remaining balance due thereon. Notwithstanding **CITY BANK**'s obligation to forebear from recording and/or enforcing the Stipulated Judgment, **CITY BANK** may, at any time, take any necessary action to preserve, sustain and/or extend the Stipulated Judgment.

6.    **Third Mortgage on 1047 Hele Place Property.** Stanley and Nicol Botelho shall execute a Third Mortgage in favor of the Bank on their interest in the property located at 1047 Hele Place, Kailua, Hawaii 96734 as security for their performance hereunder.

7.    **Annual Review.** Beginning one year from the date this Agreement is fully executed and continuing thereafter each year on the anniversary thereof until the Debt and all other obligations owed hereunder are paid in full, **CITY BANK** shall have the right to conduct an annual review of **OBLIGORS** personal and business financial records. **OBLIGORS** shall, in good faith and

within a reasonable period of time after such request is made by **CITY BANK**, cooperate with **CITY BANK** by providing **CITY BANK** with any and all financial and tax records for the preceding year in their possession, custody and/or control which are requested by **CITY BANK**, including **OBLIGORS**' personal, corporate and/or business tax returns for any of **OBLIGORS**' business, including **OBLIGORS**' plumbing **business and franchise business, COPA International, Inc. OBLIGORS' duty to provide CITY BANK** with financial and tax records includes any information relating to **OBLIGORS**' finances as may be deemed reasonable and/or necessary by **CITY BANK**. **OBLIGORS** shall also make themselves available for an interview with **CITY BANK** at a mutually convenient date and time and answer any questions put forth to them regarding such financial records. Notwithstanding **OBLIGORS**' obligation to furnish and provide **CITY BANK** with copies of their personal, corporate and/or business tax returns, **OBLIGORS** shall not be deemed to be in default of this Agreement if they are unable to provide **CITY BANK** with copies of their tax returns for the preceding year by the 20th of each April because the same has not been completed as of said date. In such instances, **OBLIGORS** shall, in good faith, make a reasonable effort to complete such returns and provide copies of the completed returns to **CITY BANK** within the period of time they are required to file said returns as required by law.

       8.    **Additional Payments and Security. OBLIGORS** shall pay to **CITY BANK** that ratio of the Debt to the Debt plus the BOH Debt (i.e., Debt : (Debt+BOH Debt)), multiplied by twenty five percent (25%) of all annual growth bonuses for **OBLIGORS**' franchise business, COPA International, Inc.[1] Said payment shall be made to **CITY BANK** within 2 weeks after the amount of the annual growth is received. It is hereby understood and acknowledged by the parties that the

---

    [1]     Thus, for example, if the Annual Growth is $1,000, the Debt is $325,000 and the amount owed to Bank of Hawaii is $48,152.00, the portion of the annual growth payable to **CITY BANK** is $217.74 ( i.e., $325,000 / ($48,152 + $325,000) X .25 X $1,000).

ratio may change as the Debt and BOH Debt are paid over time and that the ratio shall be determined at the time the amount of the annual growth bonuses is determined.

9.    **Default**. If **OBLIGORS** fail to pay the amounts required to be paid herein as and when the same become due or fail to perform any of the terms and/or conditions contained herein, time being expressly of the essence, the same shall constitute a material default of the Agreement without notice to **OBLIGORS**, and shall entitle **CITY BANK** to:

a.    accelerate the amounts due and owing hereunder and take legal action to collect said amounts;

b.    foreclose on the mortgages described above;

c.    execute, enforce, preserve, and extend the Stipulated Judgment filed in the Civil Action as described herein; and

d.    take any other legal action against **OBLIGORS** that is available to **CITY BANK** at law.

The filing of a petition in bankruptcy by one or more of the **OBLIGORS**, or the adjudication of any **OBLIGOR** as a bankrupt or insolvent, or the appointment of a receiver or trustee to take possession of all or substantially all of the assets of an **OBLIGOR**, or a general assignment by **OBLIGOR** for the benefit of creditors, or any action taken or suffered by **OBLIGOR** under any State or Federal insolvency or bankruptcy act, or any similar law now or hereafter in effect, including, without limitation, the filing of any petition for or in reorganization, or should any personal or real property pledged as security for **OBLIGORS**' performance hereunder be taken or seized under levy of execution, foreclosure or attachment against any **OBLIGOR** and the continuance of the same in effect for a period of thirty (30) days shall constitute a default by **OBLIGORS**, unless **OBLIGORS** reaffirm the debt herein, which if done, shall not cause the filing of a petition in bankruptcy to constitute a default.

The rights and remedies set forth in this paragraph are cumulative and shall be in addition to any other remedies permitted by law or established in this Agreement.

10.    **Non-Waiver Provisions.** Any failure on the part of **CITY BANK** to enforce the terms and provisions of this Agreement shall not constitute a waiver of the same.

11.    Within ten (10) days from the full execution of this Agreement by the parties, **CITY BANK** shall send a letter addressed to the Department of Justice informing said department that **CITY BANK** does not believe that the incarceration or imprisonment of Nicol H.  Botelho  in U.S.A. v. Nicol H. Botelho; Case No. 1:04CR00200, is in the best interest of **CITY BANK** and that **CITY BANK** recommends that the sentencing of Nicol H.  Botelho not include incarceration.  Said letter shall appear in similar for the draft letter attached hereto as Exhibit "B."

12.    In consideration of the promises and agreements set forth herein, **CITY BANK** and **OBLIGORS** each agree to release, acquit, and discharge, and they do hereby release, acquit, and forever discharge, the other, their respective heirs, personal representatives, administrators, executors, successors, assigns, employees, agents, officers, directors, manager, representatives, successors, and legal counsel, from and on account of any and all claims, suits, actions, liabilities, demands or damages of whatever name or nature, whether in law or in equity, and in any manner arisen, arising, or to grow out of or otherwise connected with, or in any manner involving, concerning or relating to or arising out of the aforementioned Accounts and any of the allegations and/or claims asserted or described in the Civil Action, including but not limited to any and all compulsory claims which the parties have asserted and/or would have been obligated by law to assert in said Civil Action, whether or not said compulsory claims were in fact asserted in said Complaint or Counterclaim filed therein.  This mutual release shall neither prejudice nor constitute a waiver of each party's right to enforce the terms of this agreement or, to the extent allowed under this Agreement, CITY BANK's right to enforce the Stipulated Judgment.

Upon the full execution of this Agreement, the parties hereto shall execute and file a stipulation to dismiss the Counterclaim filed in the Civil Action with prejudice.

13.    **Admission of Fault and Liability. OBLIGORS** admit that credit for checks drawn on their above-referenced accounts was obtained by **OBLIGORS** by use of false pretenses, false material representation or actual fraud and that such representations by **OBLIGORS** were reasonably relied upon by **CITY BANK** in extending credit to **OBLIGORS**.

14.    **Confidentiality. CITY BANK** and their counsel shall keep confidential the terms and conditions of this Agreement. "Keep confidential" shall mean that neither **CITY BANK** nor their attorneys will directly or indirectly discuss, disclose, divulge, reveal, report, publish, or transfer to any other persons or entities the matters agreed to be kept confidential; provided, however, that the following disclosures shall not be deemed violations of this Agreement: (a) disclosure of the fact that **CITY BANK**'s claims against **OBLIGORS** have been settled amicably (without disclosing the terms hereof); (b) as may be required by contract or applicable law, the disclosure by **CITY BANK** to its Officers, Directors, Management and/or to its shareholders, accountants and/or its insurers; and (c) disclosure to a court of competent jurisdiction of the terms of this Agreement solely for the purposes of enforcement thereof, or pursuant to a final and binding court order compelling disclosure hereof.

15.    Each individual signing on behalf of **CITY BANK** and **OBLIGORS** in any capacity whatsoever, represent and warrant that they are authorized and have full power and authority to execute and deliver this document on behalf of said represented party.

16.    Neither of the parties nor anyone on their behalf have made any agreements to do or admit to do any act or thing not herein mentioned and no representation of fact or opinion has been made by any of the parties or by anyone on their behalf to induce this compromise, and this compromise and settlement is made by the parties with foreknowledge of the facts and

possibilities of the case. Furthermore, the parties hereto admit that they have accepted the terms and conditions of this Agreement after consulting with or after having been given a reasonable opportunity to consult with counsel.

17.    Whenever required, the parties shall expeditiously and without delay, prepare and cause to prepare and/or execute all documents necessary to comply with the terms and conditions of this Agreement.

18.    Except as provided for herein, each party shall bear its own attorneys' fees and costs incurred in connection herewith, if any.

19.    The terms of this Agreement are contractual and not a mere recitals.

20.    This Agreement contains the entire understandings of the parties and no amendment or modification shall be valid unless executed in writing by the parties hereto.

21.    This Agreement shall not be construed against the party preparing it, but shall be construed as if all parties prepared it in accordance with the laws of the State of Hawaii.

22.    This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument. The submission of a signature page transmitted by facsimile (or similar electronic transmission) shall be considered as an "original" signature page for purposes of this Agreement so long as the original signature page is thereafter transmitted and the original signature page is substituted for the facsimile page in the original and duplicate originals of this Agreement.

**IN WITNESS WHEREOF**, the parties have executed this Agreement on the day and year first above written.

CITY BANK

By:    _____

Its  Assistant Vice President

"CITY BANK"

**STANLEY BOTELHO, individually and dba
Stan's Local Plumbing**

**NICOL BOTELHO**

**PHYLLIS LEE BOTELHO**

STATE OF HAWAII            )
                                 )   SS.
CITY AND COUNTY OF HONOLULU  )

On this 30TH day of ~~December~~ November, 2004, before me appeared Patrick M. Elisary, to me personally known, who, being by me duly sworn, did say that (s)he is the **ASST. VICE PRESIDENT** of **CITY BANK**, a Hawaii corporation, and that said instrument was signed in behalf of said corporation by authority of its Board of Directors, and said officer acknowledged said instrument to be the free act and deed of said corporation.

Print Name: Jeraldine P. Alcantara
Notary Public, State of Hawaii

My commission expires: 10-6-08

STATE OF HAWAII                          )
                                         ) SS.
CITY AND COUNTY OF HONOLULU              )

　　　　On this 29th day of _November_____, 2004, before me personally appeared **STANLEY BOTELHO, dba Stan's Local Plumbing,** to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Print Name: _D. Hirayasu-Broadbent_
Notary Public, State of Hawaii

My commission expires: _August 22,_ 2007

STATE OF HAWAII                          )
                                         ) SS.
CITY AND COUNTY OF HONOLULU              )

　　　　On this 29th day of _November_____, 2004, before me personally appeared **NICOL H. BOTELHO,** to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Print Name: _D. Hirayasu-Broadbent_
Notary Public, State of Hawaii

My commission expires: _August 22,_ 2007

STATE OF HAWAII                        )
                                       ) SS.
CITY AND COUNTY OF HONOLULU            )

     On this 29th day of November_____, 2004, before me personally appeared, **PHYLLIS LEE BOTELHO**, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Print Name: D. Hirayasu-Broadbent
Notary Public, State of Hawaii

My commission expires: August 22, 2007

2702-215/repayment agreement v.4

END EXHIBIT "A"